56 CCPA

### Application of Edward J. HILL.
### Patent Appeal No. 8139.

United States Court of Customs and Patent Appeals.
April 3, 1969.

Dos T. Hatfield, Washington, D. C. (Edgar H. Kent, Fish, Richardson & Neave, New York City, of counsel) for appellant.

Joseph Schimmel, Washington, D. C. (Jere W. Sears, Washington, D. C., of counsel) for the Commissioner of Patents.

Before RICH, Acting Chief Judge, and ALMOND and BALDWIN, Judges.

ALMOND, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals affirming the rejection of claim 1 of appellant's application entitled "Pediatric

Urine Collectors." [1] One claim has been allowed.

The invention relates to an improvement in devices for collecting urine from small children. The device is of a type intended for single use and discard in which a flexible plastic pouch is used as the urine collector and storage receptacle. The pouch is provided near the top of its rear wall with an opening to receive the external urogenital organ of the subject with adhesive externally surrounding the opening for attaching the device to the body of the subject. To prevent collapse of the flexible pouch in the region of the opening, a space is provided by a relatively stiff, dome-shaped member inserted between the front and rear walls of the pouch in the area of the opening. Figures 1 and 2 are said to show a pediatric urine collector embodying the invention.

FIG. 1    FIG. 2

As can be seen, separator 20 snugly fits laterally within the upper portion of pouch 11 between front wall 14 and rear wall 15. The separator 20 is cut out or bifurcated at its lower end at 200 forming a pair of prongs 201 shaped for easy insertion into the upper end of pouch 11. The central portion of the separator is formed into an open-bottomed dome 202 leaving a depending opening 203 between prongs 201 at the bifurcated lower end thereof. The top end 204 is heat sealed between the top ends 110, 111 of the pouch. Opening 18 of rear wall 15 of the pouch is externally surrounded by a layer of adhesive 16 covered by two-part guard sheet 17.

1. Serial No. 415,858 filed November 27, 1964.

The claim on appeal reads:

1. A pediatric urine collector comprising a urine deflecting chamber having a front wall portion defined by a relatively stiff member having a dome portion and a rear wall portion having an aperture therein generally aligned with the dome portion of said member for receiving the urogenital organ of the patient, said relatively stiff member having a depending opening therein through which urine impinging on said relatively stiff member is passed from said chamber, an adhesive on the outer surface of said rear wall surrounding said aperture for securing said urine collector to the body of the patient, a removable adhesive guard over said adhesive, and a relatively pliable pouch connected to said relatively stiff member for receiving and storing urine deflected downwardly by said relatively stiff member, said pouch being detachable from said relatively stiff member for transport and/or storage of a urine sample from the patient independently of said relatively stiff member.

The appealed claim was rejected as unpatentable under 35 U.S.C. § 103. The references relied upon are:

McConnell 2,656,838 October 27, 1953
Furr, Jr.
(Furr) 2,703,576 March 8, 1955

McConnell discloses a colostomy unit in which the bag is removably secured and a "means" is provided for maintaining the neck of the bag open to permit effective discharge from a body orifice into the bag. Referring to Fig. 2 of the reference, below, that "means" corresponds to guard 34, a forwardly convex or domed shell having a depending opening for discharge of fluids into bag 24. The guard forms a chamber with a centrally apertured rear wall, upon which a body-engaging sealing ring 44 is disposed. The mouth 22 of the bag is held in a snap-fit between the inserted disk-like member and the opening through ring 28, part of shield 26 which is first inserted from the rear through the opening in plate 16. A principal sealing pad 40, having a central opening 42 receiving washer 44, is disposed behind plate 16. The over-all assembly is attached to a patient by a belt detachably connected at its end by snaps to plate 16.

Fig. 2

Furr discloses a single colostomy unit, intended for disposal after use as contrasted with reuse of all but the collector portion in McConnell. The unit comprises a plastic bag having a comparatively stiff flat ring on one face near its

upper end, surrounding an opening. For attaching the unit to a patient, the ring is provided on its outer surface with a conventional pressure sensitive adhesive.

The examiner rejected the claim as "structurally obvious over McConnell in view of Furr, Jr., under 35 U.S.C. § 103," reasoning that it would be obvious to one skilled in the art to use an adhesive to secure McConnell's device to the body of the user in place of, or in addition to, the belt used by McConnell since the use of adhesive to secure such devices to the body was conventional as shown by Furr.

The board affirmed the rejection, stating:

> [T]he claim language to * * * the [first] comma * * * reads on McConnell * * *, since McConnell provides a deflecting chamber having both front and rear walls that are stiff. This is a complete chamber in addition to the pouch. This relatively stiff structure has a depending opening between the dome and front wall as clearly seen in Fig. 2. The argument that McConnell does not have such a depending opening * * * is clearly in error. The claim is broad, being unrestricted as to the details of how the opening is defined. It certainly does not recite a notch (such as appellant discloses) in the dome wall. Thus the claim as to this recitation reads better on McConnell than it does on anything that appellant, at present, illustrates.
>
> The claim continues and recites an adhesive on the outer surface of the rear wall surrounding the opening. McConnell does not have this. He applies thereto the pad 40 surrounding pad 44 which surrounds the opening. These pads are for sealing purposes, the entire structure being held in desired position by a belt.
>
> The claim is so broad as to permit the presence of such elements so long as there is also present an adhesive of any kind with a removable guard thereover. Why this is other than an obvious arbitrary variant (when the claim embraces retaining the remain-

der of the McConnell structure) nothing in the present brief or reply brief indicates. That adhesives and adhesive guards are well known is made evident by Furr and the common practices of which everyone has knowledge.

Prior to considering the art rejection, the board discussed appellant's claim relative to his written disclosure and drawing "so that the basis for our decision relative to the art rejection will be more evident." In the discussion the board expressed the opinion that the claim did not read on the structure illustrated and described, stating however that "the claim * * * is an original claim, and thus constitutes part of the original disclosure in the instant application."

Appellant, in addition to contending that the board erred with respect to the prior art rejection, assigns as a reason of appeal that the board "erred in holding" that the claim does not read on the disclosed embodiment. The solicitor contends that the only issue before the court is the rejection under 35 U.S.C. § 103.

Appellant contends that in In re Cavallito, 306 F.2d 505, 49 CCPA 1335, this court held that it would not consider patentability over the art of a claim that was not supported by the specification even though the claim was an original one and therefore, as here, functioned as its own disclosure. In Cavallito it was said:

> Mindful as we are of the problems which may arise by reason of the incorporation of new matter in a specification in support of a claim such as claim 1 (cf. Sec. 608.01(o), M.P.E.P.), we do not think it either desirable or incumbent upon us to here consider the possible allowability of the appealed claims on the basis of an assumption as to what, if any, amendment to the specification may be warranted by the disclosures of original claim 1.

■ We do not interpret the above-quoted language as broadly as does appellant. In Cavallito the court was considering a rejection, under 35 U.S.C. §

112, of claims directed to *chemical compounds,* on the ground that they were broader than the disclosed invention. In response to appellants' argument that the claims were not broader than the disclosure because claim 1 was an original claim, the court was merely pointing out that it would not speculate as to the scope of any amendment to the written disclosure that claim 1 might support and then examine the appealed claims in light of such amendment. Considered in that context, the court's statement cannot, we feel, be reasonably interpreted to mean that we are precluded from considering solely the propriety of a rejection under 35 U.S.C. § 103 without first reviewing other grounds of actual or supposed rejection, although the former be dispositive of the appeal. Since we are of the opinion that a decision on the prior art rejection if adverse to appellant will dispose of the case, we turn to the merits of that rejection.[2]

Appellant argues that the McConnell device is complex and has an objective antithetical to that of his invention in that it is intended for sterilization and reuse. Pointing out that McConnell requires a belt and plate to hold his device together and to the body, appellant urges that in no way can such be modified by the application of adhesive. We do not agree. As pointed out by the examiner, it would be obvious to one of ordinary skill in the art to provide adhesive for security in addition to the belt, and the claim does not exclude such an arrangement, or merely substitute one support means for another. Replacing the belt with adhesive would not, we feel, require such substantial modification of the remaining parts to keep them from separating, as to render the combination unobvious.

2. Due to unusual circumstances, detailed in appellant's briefs before the board and here, the party in interest in this appeal apparently believes that certain of its proprietary interests depend upon readability of the appealed claim on the disclosure. Hence, to it, an adverse ruling

 We have carefully assessed all of appellant's arguments; however, they fail to convince us of error in the board's decision, which, accordingly, is affirmed.

Affirmed.

on the obviousness question would allegedly not be dispositive of all its rights. Needless to say, all that is irrelevant here. However, it is explanatory of the extremely lengthy brief on behalf of appellant.